IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE KREGER-MUELLER.,

                Plaintiff,

v.

CITY OF MIDDLETON POLICE DEPARTMENT, JOURNEY MENTAL HEALTH, ST. MARY'S HOSPITAL, UNIVERSITY HOSPITAL AND CLINICS, ACCESS COMMUNITY HEALTH, and DANE COUNTY CORPORATION COUNSEL,

                Defendants.

OPINION and ORDER

18-cv-708-jdp

---

    Pro se plaintiff Valerie Kreger-Mueller has filed a proposed civil action against numerous institutional defendants, including a police department, a county government office, and various health care institutions in Dane County. Dkt. 1 and Dkt. 5. She alleges that they violated her rights by, among other things, falsely arresting her, employing excessive force against her, drugging her, causing her to be evicted from her apartment, lying about her in various reports and medical records, and interfering with her parental rights.

    Because Kreger-Mueller is proceeding *in forma pauperis*, I must screen her complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). Kreger-Mueller is a pro se litigant, so I must read her complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

    After reviewing the complaint with these principles in mind, I conclude that Kreger-Mueller's complaint has four problems: (1) the complaint as a whole violates Federal Rules of Civil Procedure 18 and 20 because Kreger-Mueller's claims belong in separate lawsuits; (2)

Kreger-Mueller's potential federal claims identify institutional rather than individual defendants but do not state a claim for institutional liability; (3) her allegations violate Federal Rule of Civil Procedure 8 because they are too vague to state a claim; and (4) the court lacks jurisdiction over some of her claims. I will dismiss Kreger-Mueller's complaint, but will give her an opportunity to file an amended complaint that fixes these problems.

ANALYSIS

Kreger-Mueller's complaint contains the following allegations, which I paraphrase:

1) Several Middleton police officers falsely arrested Kreger-Mueller on August 23, 2016, and had her committed at a health care facility, which caused her to miss a filing deadline in another lawsuit. During that arrest, Middleton police officer Daniel Withee (who is not named as a defendant) touched Kreger-Mueller's inner thigh inappropriately while securing her seatbelt.

2) Staff at Access Community Health called the Middleton Police Department to falsely report that Kreger-Mueller had made a bomb threat.

3) On August 30, 2016, Middleton police officers falsely arrested Kreger-Mueller again, and caused her to be committed to a health care facility for three weeks without probable cause.

4) During Kreger-Mueller's three-week stay at the health care facility (which Kreger-Mueller identifies as "University Hospital and Clinics"), she was forced to take medication that made her ill. Doctors Stuart Jones, Yelena Miranova-Chin, Justin Shiner, Dr. Peterson, and others (none of whom are listed as defendants) continued to give her excessive doses of medication, despite her pleas that they reduce the dosage or change the medication.

5) In October 2016, Kreger-Mueller lost primary custody of her minor daughter in favor of her daughter's father. She appears to allege that the Middleton police are responsible for this because they failed to properly investigate allegations that the

2

father had committed acts of fourth-degree sexual assault of a child, and because they falsely labeled her as mentally ill in their police reports.

6) On March 1, 2018, Middleton police officers once again falsely arrested Kreger-Mueller. Officer Ben Engstrom pinched her on the arm, causing injury. Middleton police officers also lied about her in a police report by stating that her residence was dirty.

7) Middleton police, Journey Mental Health, and Gorman & Company (which is not named as a defendant) caused Kreger-Mueller to get evicted from her apartment on March 31, 2018.

8) Gorman & Company caused Kreger-Mueller's apartment to become unlivable by failing to address a bug infestation, fix her "AC adapter for her computer" after it was destroyed by an electrical shock, or ensure that her unit was heated.

9) On June 6, 2014, Middleton police interfered when Kreger-Mueller tried to remove her sick daughter from the father's home, refused her request that they contact paramedics or child protective services, and made false statements in their writeup of the incident. The next day, Middleton police would not assist her in retrieving her child from the father's home, even though she was supposed to have custody that day.

10) Personnel at St. Mary's Hospital, including Dr. Tad Herbsman, Dr. Sager, Nurse Josh, and Nurse Theresa (none of whom are named as defendants) made false statements about Kreger-Mueller in her medical records, threatened to interfere with her child custody arrangement and inject her with psychotropic medication, and overdosed her on medications that made her ill.

11) Personnel at the University of Wisconsin hospital and clinics committed medical malpractice by overdosing Kreger-Mueller on dangerous medications.

12) Personnel at the Dane County Corporation Counsel repeatedly petitioned that the period of Kreger-Mueller's involuntary commitment be extended, even though she did not need to be committed.

13) Staff at Journey Mental Health violated Kreger-Mueller's HIPAA rights, pressured her into treatment she does not want, and defamed and slandered her.

14) The Middleton police also defamed and slandered Kreger-Mueller.

These allegations present several problems, which I address below.

**A. Unrelated claims against numerous defendants**

Kreger-Mueller's disjointed allegations encompass many seemingly unrelated incidents involving police officers, health care staff, housing development company staff, and Dane County Corporation counsel staff. Kreger-Mueller cannot bring all these claims in one suit.

Under Rule 20 of the Federal Rules of Civil Procedure, joining multiple defendants into one case is appropriate only if the claims against the defendants arise from the same core events. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under Rule 18, a plaintiff may assert "as many claims as [she] has against an opposing party." But a plaintiff may not join two cases involving unrelated claims asserted against different groups of defendants. That is, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 607.

Kreger-Mueller's allegations span several years and involve numerous disparate incidents, from false arrest and involuntary commitment to medical care and child custody. For instance, Kreger-Mueller alleges that she was touched inappropriately by Middleton police officer Daniel Withee on August 23, 2016, and pinched by Middleton police officer Ben Engstrom on March 1, 2018. Had both of these offenses been committed by the same officer, Kreger-Mueller could bring these claims in a single lawsuit. But because these allegations involve different officers who are alleged to have committed two separate acts against Kreger-

4

Mueller, they must be prosecuted in separate suits.

Unless Kreger-Mueller can explain how her fourteen sets of allegations arise out of the same transaction or occurrence, they must be broken up into separate lawsuits to comply with Rule 18 and Rule 20. Kreger-Mueller will need to identify one lawsuit to proceed with under this case number. If she wishes to pursue additional unrelated claims, she will need to file them as separate cases. To assist Kreger-Mueller in this task, I will lay out the various potential federal lawsuits that might relate to her allegations.

**B. Potential federal lawsuits under § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must at a minimum allege the violation of a right protected by the Constitution or laws of the United States. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (reciting the elements required to make a claim under § 1983). Kreger-Mueller has eight allegations that could potentially state claims under § 1983 and serve as the basis for a federal lawsuit. The possible lawsuits include:

> Lawsuit 1: On March 1, 2018, one or more Middleton police officers made false statements in a police report and falsely arrested Kreger-Mueller, in violation of state and federal law. One of those officers, Ben Engstrom, pinched Kreger-Mueller on the arm and injured her, also in violation of state and federal law.
>
> Lawsuit 2: One or more Middleton police officers caused Kreger-Mueller to get evicted from her apartment on March 31, 2018, in violation of state and federal law.
>
> Lawsuit 3: One or more Middleton police officers falsely arrested Kreger-Mueller on August 23, 2016, and caused her to be committed at a health care facility without probable cause, in violation of state and federal law. One of those officers, Daniel Withee, touched Kreger-Mueller's inner thigh, also in violation of state and federal law.
>
> Lawsuit 4: One or more Middleton police officers falsely arrested Kreger-Mueller on August 30, 2016, and caused her to be committed at a health care facility without probable cause, in

5

violation of state and federal law.

Lawsuit 5: One or more health care providers at the university hospital and clinics where Kreger-Mueller was committed for three weeks forced her to take medications that made her ill, in violation of state and federal law.

Lawsuit 6: In October 2016, one or more Middleton police officers interfered with Kreger-Mueller's parental rights by taking actions that caused her to lose primary custody of her daughter, in violation of state and federal law.

Lawsuit 7: On June 6, 2014, one or more Middleton police officers prevented Kreger-Mueller from assuming custody of her daughter and made false statements in their write-up of the incident, in violation of state and federal law.

Lawsuit 8: One or more individuals from the Dane County Corporation Counsel and Journey Mental Health wrongfully petitioned for the term of Kreger-Mueller's involuntary commitment to be extended, in violation of state and federal law.

Because these allegations do not appear to be connected to each other, Kreger-Mueller must pursue them in separate lawsuits unless she can demonstrate that they arise out of the same transaction or occurrence. Kreger-Mueller will need to choose which one she wants to pursue under this case number, and file an amended complaint limited solely to that incident.

As for the seven other potential lawsuits listed above, Kreger-Mueller has two options. Her first option is to pursue them separately in other lawsuits, which will require her to pay separate filing fees (or seek leave to proceed *in forma pauperis*) and litigate them each individually. Kreger-Mueller should consider carefully whether she would be able to litigate multiple suits at the same time. Her second option is not to pursue them. She could pursue them later, so long as the statute of limitations applicable to that claim has not run out.

If Kreger-Mueller properly divides her claims into separate lawsuits, as required by Rule 18 and Rule 20, I will then screen those separate complaints on the merits. There are some

other problems that I can already see at this point, so I provide some guidance on those issues in the rest of this order.

**C. Institutional defendants in § 1983 cases**

Each of the defendants that Kreger-Mueller names in the caption of her complaint is an institution, rather than an individual. But most federal constitutional claims under § 1983 have to be brought against the individual person who violated the plaintiff's rights. An institution can be liable for the actions of its employees only if the violations were caused by an official policy, a custom or practice, or an official with final policy-making authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1971). Kreger-Mueller does not make any of those type of allegations against the institutions that she has named as defendants.

In any amended complaint, Kreger-Mueller will have to either (1) name as defendants the specific individuals responsible for the various violations she alleges, or (2) explain how the constitutional violations in question arose out of an official policy, custom, or practice. If Kreger-Mueller does not know the names of the individual persons involved, she should identify them by the name "John Doe" or "Jane Doe" (e.g., "Middleton Police Officer John Doe" or "University Hospital Doctor Jane Doe").

**D. Rule 8 requires a complaint to have a "short and plain statement"**

Kreger-Mueller must make sure to abide by Rule 8 in any amended complaint that she files. As she probably knows from her prior cases in this court, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As currently pleaded, Kreger-Mueller's potential federal claims are too vague and confusing to meet the pleading standard of Rule 8.

Kreger-Mueller's three allegations about false arrest (lawsuits 1, 3, and 4) fail for the

most part to provide any explanation as to which individual officers were involved, what triggered their involvement, and why they lacked probable cause to arrest. Kreger-Mueller's allegation that Middleton police officers were in part responsible for her eviction (lawsuit 2) lacks any explanation as to which officers were involved, what they did, and how their actions led to her eviction. Kreger-Mueller's allegation about forced medication (lawsuit 5) does not provide any information about which doctors engaged in which specific challenged conduct, or when or how often it occurred. Kreger-Mueller's allegations that Middleton police officers caused her to lose primary custody of her daughter and interfered with her access to her daughter (lawsuits 6 and 7) do not explain which officers were involved, or how the police action or inaction ultimately interfered with or led to the loss of custody. And Kreger-Mueller's allegation that the Dane County Corporation Counsel violated her rights by petitioning for her to be committed (lawsuit 8) contains no explanation as to who the decisionmakers were, when and through what process the petitions in question occurred, and how they violated Kreger-Mueller's rights.

Kreger-Mueller should draft any amended complaint as if she were telling a story to people who know nothing about her situation. She should state simply (1) what acts she believes violated her rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief she wants the court to provide.

**E. Claims over which this court lacks jurisdiction**

Kreger-Mueller makes several allegations that might raise state-law claims:

1) Staff at Journey Mental Health pressured Kreger-Mueller into treatment she did not want, violated her rights under HIPAA, and defamed and slandered her.

2) Staff at Access Community Health called the Middleton Police Department to falsely report that Kreger-Mueller had made a bomb threat.

3) Staff at Gorman & Company caused Kreger-Mueller's apartment to become unlivable by failing to address various maintenance issues.

4) Staff at St. Mary's Hospital made false statements about Kreger-Mueller in medical records, threatened her, and overdosed her on medications.

5) Staff at the University of Wisconsin hospital and clinics committed medical malpractice by overdosing Kreger-Mueller on dangerous medication.

6) Middleton Police Department personnel defamed and slandered Kreger-Mueller.

But this is a federal court, and Kreger-Mueller has not articulated a basis for federal jurisdiction for any of these potential state-law claims. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Generally, a plaintiff suing in federal court must show either that she is raising a federal claim, 28 U.S.C. § 1331, or that she and the defendants are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332.

Kreger-Mueller does not allege that she and any of the defendants are citizens of different states, and nothing in the complaint suggests that they are. Thus, I cannot exercise diversity jurisdiction under § 1332. This leaves federal question jurisdiction under § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." I do not see any potential federal claim that would arise from any of the six allegations listed above.

Kreger-Mueller asserts that staff at Journey Mental Health violated federal law—specifically, the Health Insurance Portability and Accountability Act of 1996 (HIPAA). But an

9

individual person cannot sue to enforce her rights under HIPAA because HIPAA does not create a private right of action to sue in federal court. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *Franklin v. Wall*, No. 12-cv-614, 2013 WL 1399611, at *2 (W.D. Wis. Apr. 5, 2013). Instead, the secretary of Health and Human Services—or in some cases a state's attorney general—is responsible for enforcing these federal laws. *See* 42 U.S.C. § 1320d-5.

Nor do these allegations state claims under the federal Constitution. Allegations one through four involve private actors, so they do not assert violations of federal constitutional law. The Constitution applies only to "state actors," who generally are government employees or those acting on the government's behalf. *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 923–24 (1982). Kreger-Mueller could theoretically state claims against Journey Mental Health (allegation one) and St. Mary's (allegation four) were she to allege that these defendants committed and involuntarily treated her on the orders of a state actor, such as the police. As pleaded, however, Kreger-Mueller gives no indication that her commitment was initiated by a state actor as opposed to private health care providers. The court of appeals for the Seventh Circuit has held that simply using state-law procedures to initiate and pursue detention and commitment proceedings does not turn a private actor into a state one for purposes of § 1983. *Spencer v. Lee*, 864 F.2d 1376, 1377 (7th Cir. 1989). At this point, the only way for Kreger-Mueller to bring these claims against these private defendants is to pursue them in state court.

Allegations five and six implicate university hospital staff and Middleton Police Department personnel, who *are* state actors. But medical malpractice, defamation, and slander are state-law tort claims, not violations of federal law, so the court does not have jurisdiction over them under § 1331.

Federal courts may exercise supplemental jurisdiction over state-law claims if the state-

law claims are so related to federal claim that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). So, for example, maybe Kreger-Mueller's allegations about university hospital medical staff arise out of the same events that underlie the potential constitutional claims against Middleton Police Department personnel. But at this point, her allegations are too vague for me to tell whether any of the state-law claims arise from the same events as any of the constitutional claims.

If Kreger-Mueller amends her complaint or files new complaints, she can ask the court to exercise supplemental jurisdiction over any related state-law tort claims. But she should clearly articulate the basis of those claims in a non-conclusory manner. For example, instead of asserting only that "University of Wisconsin Hospital and Clinics engaged in medical malpractice by overdosing the plaintiff on a dangerous medication," Dkt. 1, ¶ 8, Kreger-Mueller should provide the names of specific people involved, the relevant dates and times, and a brief narrative description of the events. And if she expects the court to exercise supplemental jurisdiction over a state-law claim, she will have to show that it arises from the same events that form the basis for a properly pleaded constitutional claim.

**F. Conclusion**

To summarize, I am dismissing all of Kreger-Mueller's current claims for failure to comply with Federal Rule of Civil Procedure 8, which requires a plaintiff to include in her complaint "a short and plain statement of the claim showing that [she] is entitled to relief." I have also pointed out numerous other defects that Kreger-Mueller must address. In filing any amended complaint, Kreger-Mueller should pick out and focus on one of the eight possible lawsuits listed in section B that she wishes to pursue under this case number. If she wishes to pursue other cases, she must submit separate amended complaints and pay separate filing fees.

I will give Kreger-Mueller three weeks in which to file an amended complaint. Once she provides one, I will screen the claims to determine whether they state a claim upon which relief may be granted. If she does not provide an amended complaint by the date below, I will dismiss this case for her failure to prosecute it.

ORDER

IT IS ORDERED that Plaintiff Valerie Kreger-Mueller may have until December 27, 2018, to identify for the court which one of the eight possible lawsuits she wishes to proceed with under the case number assigned to this case, 18-cv-708.

Entered December 6, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge