IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE KREGER-MUELLER.,

                Plaintiff,

  v.

DR. JUSTIN SHINER, DR. STUART JONES,
DR. MICHAEL PETERSON, and
DR. YELENA MIRONOVA CHIN,

                Defendants.

OPINION and ORDER

18-cv-708-jdp

---

Pro se plaintiff Valerie Kreger-Mueller is proceeding on Fourteenth Amendment due process and state-law medical malpractice claims against four doctors from the University of Wisconsin Hospital and Clinics who she says overdosed her on medications against her will. Two motions are pending: (1) defendant Yelena Mironova-Chin's motion to dismiss Kreger-Mueller's claims against her under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, Dkt. 34; and (2) Kreger-Mueller's motion for assistance in recruiting counsel, Dkt. 53.

I will deny both motions. Mironova-Chin's motion to dismiss is denied because Kreger-Mueller's complaint sufficiently alleges that Mironova-Chin was acting under color of state law when she treated Kreger-Mueller against her will. And Kreger-Mueller's motion for assistance in recruiting counsel is denied because she has failed to explain why prosecuting this case is beyond her abilities.

A. **Mironova-Chin's motion to dismiss**

Defendant Mironova-Chin moves to dismiss the claims against her under Rule 12(b)(6), contending that Kreger-Mueller fails to state a claim upon which relief can be granted because

she doesn't allege that Mironova-Chin was an employee of the state or that she acted under color of state law. In reviewing Mironova-Chin's motion, I must construe the allegations in the complaint in the light most favorable to Kreger-Mueller, accepting her well-pleaded facts as true and drawing all permissible inferences in her favor. *See Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013). And because Kreger-Mueller is a pro se litigant, I construe her pleadings liberally and in a manner that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nonetheless, to survive a motion to dismiss, Kreger-Mueller must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In her amended complaint, Kreger-Mueller alleges that:

> Personnel at UW Hospital and Clinics committed medical malpractice by overdosing the plaintiff on a dangerous medication and not listening to pleadings that the plaintiff may be having an allergic reaction to the medication. The defendants, Drs. Justin Shiner, Yelena Mironova-Chin, Stuart Jones, and Michael Peterson all continued to force the plaintiff to consume excessive doses of a medication despite pleas to reduce the dosage or change the medication altogether.

Dkt. 21, at 2. Later in the complaint, Kreger-Mueller notes that these events occurred during her "three week stay at . . . UW Hospital and Clinics," *id.* at 3, which her allegations suggest was one of several "involuntary commitment[s]" that Kreger-Mueller was subjected to and that she believes were unwarranted. *Id.* at 3.

As a general rule, private actors cannot be held liable under § 1983 because they are not acting "under color of state law." In some cases, private actors are deemed to have acted under color of law if they worked jointly with state actors to violate a person's rights. *See L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("A private person acts under

2

color of state law when she is a willful participant in joint action with the State or its agents." (internal quotation omitted)); *see also Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 923–24 (1982). In her motion to dismiss, Mironova-Chin says that the claims against her must be dismissed because Kreger-Mueller failed to allege that Mironova-Chin "was an employee of the state, or even broadly that all physicians at the UW Hospital are state employees. Further, there are no facts alleged by plaintiff to otherwise establish any basis on which Dr. Mironova-Chin acted under the color of state law." Dkt. 34, at 6.

Mironova-Chin is correct that Kreger-Mueller did not specifically allege that Mironova-Chin was a state employee or that she was acting under color of state law. She simply alleged that Mironova-Chin was among the "[p]ersonnel at UW Hospital and Clinics" who treated her. Mironova-Chin says that this isn't a sufficient basis to infer that she was a state actor because not all health care providers at the UW Hospital are state employees; some are employees of the University of Wisconsin Hospital and Clinics Authority. The University of Wisconsin Hospital and Clinics Authority was created by the Wisconsin State Legislature in the 1990s as a "hybrid" private entity, with some characteristics of a public entity and other characteristics of a private one. *Takle v. Univ. of Wisconsin Hosp. & Clinics Auth.*, 402 F.3d 768, 771 (7th Cir. 2005). The University of Wisconsin Hospital was spun off to the Authority, *id.* at 770, at which point the state stopped assuming liability for UW Hospital. However, under state law, the state retained liability for the faculty and other university staff and students. *See* Wis. Stat. § 233.17; *Suchomel v. Univ. of Wisconsin Hosp. & Clinics*, 2005 WI App 234, ¶ 25, 288 Wis. 2d 188, 203, 708 N.W.2d 13, 20. So whether health care providers at UW Hospital are state employees depends on whether they are faculty, staff, or students of the university (in which case they are state employees) or employees of the University of Wisconsin Hospital

3

and Clinics Authority (in which case they are not). *Id.*

Even taking into account that some proportion of health care providers at UW Hospital aren't state employees, it is reasonable to infer at this stage that the doctors who treated Kreger-Mueller were either state employees or were acting under color of state law. On a motion to dismiss, I must construe Kreger-Mueller's allegations in the light most favorable to her. It would elevate form over substance to require Kreger-Mueller to re-plead with specific allegations that each of the four defendants was a state employee or was acting under color of state law. *See Davis v. Kirby*, 755 F. Supp. 199, 202 (N.D. Ill. 1990) ("As long as the court may reasonably infer from the facts alleged that the defendant was acting under color of state law, the plaintiff has successfully alleged this element of a § 1983 claim.") So I will deny Mironova-Chin's motion to dismiss under Rule 12(b)(6).

Mironova-Chin asks that I convert her motion into a motion for summary judgment under Rule 12(d) if I determine that dismissal under Rule 12(b)(6) isn't warranted. Dkt. 34, at 3 n.1 She introduces evidence from outside the complaint that she is a psychiatry resident employed by the University of Wisconsin Hospital and Clinics Authority, not the state of Wisconsin. *See* Dkt. 35 (declaration of Yelena Mironova-Chin). I decline to convert Mironova-Chin's motion. Even if I accept that Mironova-Chin is not a state employee, there is not enough evidence to rule out the possibility that she was acting under color of state law. If Mironova-Chin provided treatment in her capacity as a psychiatry resident, that suggests that she may have been supervised by university faculty, who are state employees. If Mironova-Chin acted at the direction of or in concert with state employees, she may have acted under color of state law. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823–27 (7th Cir. 2009) (concluding that the state action analysis turns on "the degree to which the work of the private

medical provider is controlled or influenced by the state"). There may be grounds to conclude that Kreger-Mueller's claims fail to meet the state-action requirement, but Mironova-Chin doesn't raise them in her motion and they are more appropriately dealt with at summary judgment, after the parties have had the benefit of discovery. So Mironova-Chin's motion is denied.

**B. Motion for assistance in recruiting counsel**

Kreger-Mueller asks me to appoint pro bono counsel for her in this case. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. I can only attempt to recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, she must show that she is unable to afford counsel. Because Kreger-Mueller is proceeding in forma pauperis under 28 U.S.C. § 1915, *see* Dkt. 4, she meets that requirement.

Second, Kreger-Mueller must show that she made reasonable efforts on her own to find a lawyer to represent her. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). This court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Kreger-Mueller provides copies of such letters from three law firms. *See* Dkt. 53-1. So Kreger-Mueller meets the second requirement as well.

Third, Kreger-Mueller must show that hers is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds her

demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 645–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [her case] to the judge or jury [her]self." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide in each case whether the particular plaintiff, "among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Here, Kreger-Mueller provides no explanation why she is unable to litigate this case herself. She simply asks the court "to appoint a pro-bono attorney in this civil matter based on the denial letters attached." Dkt. 53, at 1. I cannot tell what specific litigation tasks Kreger-Mueller is struggling with, nor can I evaluate whether their complexity might outstrip her abilities. So I will deny Kreger-Mueller's motion. Kreger-Mueller may renew her motion as the case progresses, but she will need to explain what specific litigation tasks she cannot perform and why.

ORDER

IT IS ORDERED that:

1. Defendant Yelena Mironova-Chin's motion to dismiss, Dkt. 34, is DENIED.

2. Plaintiff Valerie Kreger-Mueller's motion for assistance in recruiting counsel, Dkt. 53, is DENIED without prejudice.

Entered January 28, 2020.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge